UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

JASON HINSON #522009             CIVIL ACTION NO. 17-260

VERSUS                           JUDGE ELIZABETH E. FOOTE

RODNEY ARBUCKLE, ET AL.          MAG. JUDGE KAYLA D. MCCLUSKY

## MEMORANDUM RULING

Before the Court are two motions for partial summary judgment [Record Documents 118 and 119] filed by Defendant DeSoto Parish Sheriff's Deputy Kyle Martin ("Martin"). The motions have been fully briefed. For the foregoing reasons, Defendant's motions for partial summary judgment are **GRANTED IN PART** and **DENIED IN PART**.

### I. Background

On February 22, 2016, Martin was asked to assist in apprehending Plaintiff Jason Hinson ("Hinson"), who had an outstanding arrest warrant for armed robbery. Record Document 28-4 at 6. Hinson was presumed to be armed and dangerous. *Id.* DeSoto Parish Sheriff's deputies—having received a tip that he was seen driving his vehicle in the Logansport area—attempted to pull Hinson over. *Id.* A "short vehicle chase" ensued before Hinson pulled over and ran into the surrounding woods. Record Document 127 at 4. Martin claims that a decision was made to use DeSoto Parish Sheriff canine Rex ("Rex") to apprehend Plaintiff because there was a concern for officer safety. Record Document 28-4 at 6. Defendant did not provide a K-9 warning before deploying an off-leash Rex because he believed that doing so would only further "compromise officer safety and tip Hinson off as to our location coming thru the woods." *Id.* at 28-4 at 6.

1

As the Fifth Circuit aptly noted in its opinion, there is a factual dispute as to what transpired during and after Hinson's apprehension. Plaintiff alleges that Rex bit his right wrist, which brought him to the ground. Record Document 38-2 at ¶ 5. Hinson claims that by the time Defendant arrived on the scene, he was "no longer attempting to escape or resist[]. [Hinson] was lying on the ground on his side, the canine having Hinson's wrist in its mouth." *Id.* Hinson alleges that Martin asked, "you want to run you SOB?" and then "hit the dog and gave a command. The canine began to bite on Hinson's upper arm several times." *Id.* at ¶ 6 (internal quotation marks omitted). Plaintiff claims that he was handcuffed and kicked in the ribs "several times" by Martin and the other deputies, despite his compliance with the deputies' orders. *Id.* Plaintiff alleges that Martin "yanked several times on [Rex's choke] chain and the dog continued to bite . . . until another deputy said[,] 'he's had enough.'" *Id.* at ¶ 7.

Defendant's incident report provides a different narrative of events. Martin alleges that

> [K-9] Rex and myself ran into the woods in close [pursuit] of Hinson and after about a 200 YD foot pursuit[,] [K-9] Rex caught Hinson on the right arm and took him to the ground. As I approached[,] I could see Hinson on his back with both hands on his chest and his left hand under Rex. I pulled out my handgun and held cover on Hinson. I immediately began calling for a [backup] officer to assist me in taking him into custody. It was still unknown whether Hinson was armed and for my safety and other officers I waited until a [backup] officer arrived so that he could control Hinson once I removed [K-9] Rex. As soon as other officers arrived, I removed Rex[,] and he was placed into handcuffs without further incident.

Record Document 28-4 at 6-7.

In February 2017, Hinson filed this suit[1] against Martin and DeSoto Parish Sheriff Rodney Arbuckle.[2] Record Document 1 at 2. Hinson seeks compensatory damages for pain and suffering and mental anguish and "punishment to deputies including removal from office." *Id.* at 5. The Court adopted a report and recommendation by the magistrate judge, which recommended that Defendant's motion for summary judgment and assertion of qualified immunity be denied. *See* Record Documents 42 at 11-14 and 44. The magistrate judge also granted Plaintiff leave to amend his complaint to assert Louisiana state law claims for battery and negligence. Record Document 42 at 15.

Martin appealed the Court's denial of qualified immunity. *See* Record Document 46. The Fifth Circuit found that Defendant was entitled to qualified immunity as to Plaintiff's Fourth Amendment excessive force claim relating to Martin's actions before Hinson was subdued, as well as Plaintiff's Eighth Amendment claim.[3] *See Hinson v. Arbuckle*, 853 F. App'x 926, 927 (5th Cir. 2021). However, the Fifth Circuit held that "the district court did not err in finding that a jury could reasonably conclude that ordering Rex to continue biting Hinson after he was subdued, and kicking him after he was handcuffed, constituted excessive force in violation of Hinson's Fourth Amendment rights." *Id.* at 933.

---

[1] At the time, Plaintiff was appearing pro se. He has since been appointed counsel. *See* Record Document 64.

[2] The Court previously adopted a report and recommendation by the magistrate judge which recommended that Sheriff Arbuckle be terminated as a party, that Plaintiff's request for injunctive relief be denied, and that Plaintiff's claim relating to an illegal search and seizure be dismissed. *See* Record Documents 5 at 5-6 and 20 at 1.

[3] As a result of the Fifth Circuit's ruling, the Court dismissed these claims with prejudice. Record Document 55.

After the Fifth Circuit's ruling, Defendant filed the foregoing motions for partial summary judgment. In his first motion for partial summary judgment [Record Document 118], Defendant requests that the Court "dismiss Plaintiff's claim for loss of earning capacity as well as any other claim for special damages." Record Document 118 at ¶ 6. In his second motion, Martin argues that "Hinson has attempted to resurrect a Fourth Amendment claim based on the fact that [Martin] did not issue a [K-9] warning when deploying his police canine Rex to apprehend Hinson. Such a case should be dismissed . . . because [Martin] is entitled to qualified immunity." Record Document 119 at ¶ 2. He also contends that Hinson's state law battery and negligence claims should be dismissed "to the same extent as his federal constitutional claim under the Fourth Amendment, including dismissal of his state law battery and negligence claims to the extent they rely on the lack of a [K-9] warning." *Id.* at ¶ 3. In addition, Defendant asserts discretionary acts immunity pursuant to Louisiana Revised Statute 9:2798.1.

## II. Law and Analysis

### a. Summary Judgment Standard

Federal Rule of Civil Procedure 56(a) directs a court to "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Summary judgment is appropriate when the pleadings, answers to interrogatories, admissions, depositions, and affidavits on file indicate that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). When the burden at trial will rest on the non-moving party, the moving party need not produce

evidence to negate the elements of the non-moving party's case; rather, it need only point out the absence of supporting evidence. *See id.* at 322-23.

If the movant satisfies its initial burden of showing that there is no genuine dispute of material fact, the non-movant must demonstrate that there is, in fact, a genuine issue for trial by going "beyond the pleadings and designat[ing] specific facts" for support. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citing *Celotex*, 477 U.S. at 325). "This burden is not satisfied with some metaphysical doubt as to the material facts," by conclusory or unsubstantiated allegations, or by a mere "scintilla of evidence." *Id.* (internal quotation marks and citations omitted). However, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1985) (citing *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)). While not weighing the evidence or evaluating the credibility of witnesses, courts should grant summary judgment where the critical evidence in support of the non-movant is so "weak or tenuous" that it could not support a judgment in the non-movant's favor. *Armstrong v. City of Dall.*, 997 F.2d 62, 67 (5th Cir. 1993).

Additionally, Local Rule 56.1 requires the movant to file a statement of material facts as to which it "contends there is no genuine issue to be tried." The opposing party must then set forth a "short and concise statement of the material facts as to which there exists a genuine issue to be tried." W.D. La. R. 56.2. All material facts set forth in the movant's statement "will be deemed admitted, for purposes of the motion, unless controverted as required by this rule."

### b. Fourth Amendment Claim

Defendant claims that Hinson has attempted to "resurrect" the Fourth Amendment claim dismissed by the Fifth Circuit related to Martin's failure to issue a K-9 warning before deploying Rex. Record Document 119 at ¶ 2. Martin argues that a report by Hinson's police canine expert, Ernest Burwell, inappropriately included "an entire section entitled 'Deputy Martin Should Have Given a Warning When Releasing Rex.'" Record Document 119-1 at 8. Plaintiff contends that Burwell's analysis is relevant because the "failure to provide a mandatory warning is illustrative of [Martin's] disregard for [Hinson] throughout the interaction, and is directly relevant to whether Defendant acted reasonably in using force against Plaintiff during the subsequent bites." Record Document 127 at 8. Martin argues that the Fifth Circuit "expressly agreed" that Martin's decision not to issue a K-9 warning was objectively reasonable given the safety concerns at the time. Record Document 119-1 at 9. To that end, Defendant seeks summary judgment on the K-9 warning issue insofar as it relates to the alleged excessive force used against Hinson during his apprehension and the "dismissal of any such claim under the law of the case doctrine and on qualified immunity grounds," because the Fifth Circuit's holding precludes Plaintiff from reurging the issue. *Id.* at 2. If Defendant's allegations are true, then Plaintiff cannot revive the Fourth Amendment claim that was dismissed by the Fifth Circuit by continuing to dispute the reasonableness of Martin's failure to provide a K-9 warning.

However, Plaintiff avers that Defendant's motion is "an improper attempt to challenge evidence relevant to Plaintiff's remaining claims." Record Document 127 at 7. The Court agrees that the motion for summary judgment is not the correct procedural vehicle

6

by which this issue should be resolved. "[O]ne of the purposes of the summary judgment procedure is to obviate the necessity for trial in cases in which there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law." *Merriell v. Dep't of Transp.*, 1994 WL 199176, at *3 (5th Cir. 1994) (citing *Celotex*, 477 U.S. at 327)). This is not what Martin is attempting to do. Instead, Defendant requests that the Court issue a ruling as to the appropriateness of arguments raised in the expert's report, which is an evidentiary issue. A motion in limine and/or a *Daubert* motion are better suited to challenge the expert's report and the information and opinions therein. Martin clearly understands this because he raises this same issue in a separate *Daubert* motion. *See* Record Document 121-7 at 4-7. As such, the Court will address the challenge to Burwell's expert report in a separate ruling. Accordingly, Defendant's motion for partial summary judgment on this issue is **DENIED**.

### c. State Law Claims

Defendant seeks summary judgment on Plaintiff's state law battery and negligence claims, which arise out of the alleged excessive force employed by Martin during his apprehension of Hinson. Record Document 119 at ¶ 3. There are battery and negligence claims pertaining to Martin's actions after Hinson was apprehended which are not at issue here today.

Martin argues that the Fifth Circuit's holding on excessive force precludes Hinson's battery and negligence claims from surviving summary judgment. Record Document 119-1 at 9 (citing *Hinson*, 853 F. App'x at 931). Hinson contends that the failure to provide a K-9 warning is "vital" to his battery and negligence claims, and although the Fifth Circuit

7

reversed the Court's ruling on qualified immunity, "[t]he Fifth Circuit did not dismiss Plaintiff's state law claims to the extent they rely on [Martin]'s failure to warn, mention Deputy Martin's failure to warn at any point in its opinion, or provide any analysis of the merits of plaintiff's state law claims." Record Document 127 at 10, 12 (citing *Hinson*, 853 F. App'x at 926-33). With respect to his negligence claim, Plaintiff concedes that a court's finding that an officer has breached the requisite duty of care turns on whether the officer acted "reasonably under the totality of the circumstances." *Id.* at 12. The Fifth Circuit found that

> Hinson was suspected of a violent felony involving a firearm, was presumed to be armed and dangerous, and was fleeing through a wooded area where officers could not see him. It was *objectively reasonable* for Martin to deploy Rex to conclude Hinson's evasion. Hinson has therefore failed to establish that Martin violated his Fourth Amendment rights by using Rex to apprehend him . . . .

*Hinson*, 853 F. App'x at 931 (emphasis added). The Fifth Circuit was clear in its finding that all of Defendant's actions prior to Plaintiff's apprehension were reasonable. *See id.* at 933 (holding that "[t]he district court also erred in denying Martin summary judgment on the basis of qualified immunity as to Hinson's Fourth Amendment excessive force claims to the extent they rely on Martin's conduct in apprehending Hinson, before Hinson was subdued."). This Court interprets this to include Martin's decision to employ Rex without first providing a K-9 warning. Accordingly, Defendant's motion for summary judgment on

8

Plaintiff's state law battery and negligence claims relating to Defendant's actions prior to Plaintiff's apprehension is **GRANTED** and Plaintiff's claims are **DISMISSED**.[4]

### d. Damages

Martin further requests that his motion for partial summary judgment be granted with regard to Hinson's request for loss of earning capacity and other special damages. Record Document 118 at 6. Plaintiff's response is simply that he does not seek "the categories of damages covered by Defendant's [m]otion: loss of future earning capacity; and special damages for future medical and lost wages." Record Document 128 at 1. The Court cannot find a single reference to loss of earning capacity or any other special damages in Hinson's complaint. *See ex.* Record Document 118-14 at 2. Accordingly, Defendant's motion for partial summary judgment [Record Document 118] is **DENIED**.

### III. Conclusion

Based on the foregoing reasons, Defendant's motions for partial summary judgment [Record Documents 118 and 119] are **GRANTED IN PART** and **DENIED IN PART**. Martin's motions for partial summary judgment are granted with respect to Hinson's state law battery and negligence claims arising out of the force Martin employed during Hinson's apprehension [Record Document 119]. Defendant's motions for partial summary judgment are denied with respect to the excessive force claim previously dismissed by the Fifth Circuit [Record Document 119] and with respect to Hinson's alleged request for loss of earning

---

[4] Defendant contends that, should the Court deny his motion for partial summary judgment on Plaintiff's battery and negligence claims relating to Hinson's apprehension, he is entitled to discretionary acts immunity. Because the Court has dismissed both state law claims at issue, Defendant's assertion of discretionary immunity is moot.

capacity and other special damages [Record Document 118]. The remaining claims for trial are the Fourth Amendment excessive force claim and Louisiana battery and negligence claims, all of which relate to Defendant's actions *after* apprehending Plaintiff.

**THUS DONE AND SIGNED** this 24th day of April, 2023.

_____
ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE